# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| USF INSURANCE COMPANY, a Michigan corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SMITH'S FOOD AND DRUG CENTER, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation and J&I MAINTENANCE, a Utah corporation, <br><br> Defendants. | Case No.: 2:10-cv-01513-RLH-LRL <br><br> **O R D E R** <br><br> (Motion to Strike–#7) |
| SMITH'S FOOD AND DRUG CENTER, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation, <br><br> Counterclaimant, <br><br> vs. <br><br> USF INSURANCE COMPANY, a Michigan corporation; and ROE CORPORATIONS I-X, inclusive, <br><br> Counterdefendant. | |

1

Before the Court is Plaintiff USF Insurance Company's ("USF") **Motion to Strike** counterclaim (#7, filed Sept. 27, 2010) for improper use of attorney-client privileged communications and work product.  The Court has also considered Defendant Smith's Food and Drug Center, Inc.'s ("Smith's") Opposition (#10, filed Oct. 21, 2010), and USF's Reply (#11, filed Nov. 1, 2010).

## BACKGROUND

In January 2004 and May 2006, Smith's and J&I Maintenance ("J&I") entered into substantially similar one-year Maintenance Agreements ("the Agreement").  The Agreement obligated J&I to provide daily cleaning and maintenance at various Smith's grocery stores.  The Agreement also required J&I to defend, indemnify, and hold Smith's harmless from all claims and liability resulting from J&I's maintenance services.  Additionally, the Agreement provided that J&I would obtain a comprehensive liability insurance policy and name Smith's as an additional insured.  In October 2005, J&I obtained a one-year policy through USF.

In August 2006, Tammy Bell allegedly slipped and fell on the floor of a Smith's store, which J&I recently waxed in accordance with the Agreement.  In February 2007, Bell filed suit against Smith's and J&I in the Eighth Judicial District Court of the State of Nevada.  In February 2008, Smith's tendered its defense of Bell's case to J&I and demanded that Smith's be indemnified from all liability arising out of that litigation.  In July 2008, USF authorized John Shannon, the attorney it previously selected to defend J&I, to accept Smith's tender of defense.

In April 2009, Smith's sent a letter to USF expressing dissatisfaction with USF's handling of the case and requested separate counsel in the Bell case to protect Smith's interests. USF rejected Smith's request after concluding that Smith's was an additional insured "bound by the terms of the conditions of this [insurance] policy," which did not require USF to provide separate counsel.  USF reiterated this position in a March 2010 letter to Smith's.  Finally, in September 2010, USF hired separate counsel to represent Smith's interests in the Bell case.

///

1          On September 30, 2010, USF filed a complaint in this Court alleging that the
2  indemnity clause in the Agreement is unenforceable due to the expiration of its express term and,
3  therefore, USF has no obligation to defend Smith's in the Bell case.  Specifically, USF asserted the
4  following causes of action: (1) declaratory relief with respect to the Agreement; (2) declaratory
5  relief with respect to the policy; (3) equitable indemnity; and (4) equitable subrogation.  (Dkt. #1,
6  Compl.)  On September 23, Smith's filed an answer and counterclaim for the following causes of
7  action: (1) declaratory relief; (2) bad faith; (3) equitable estoppel; and (4) punitive damages
8  stemming from bad faith practices.  (Dkt. #6).  USF has now filed a motion to strike Smith's
9  counterclaims.  For the reasons stated below, the Court denies USF's motion to strike.

**DISCUSSION**

**I.     USF's Motion to Strike**

          USF seeks to strike Smith's entire counterclaim or, alternatively, portions of the counterclaim, based on Smith's attachment and use of alleged attorney-client privileged communications and work product stemming from the Bell litigation.

          Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Matter is "immaterial" if it has no bearing on the controversy before the court.  *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Allegations are "impertinent" if they are not responsive to the issues that arise in the action or are inadmissible as evidence.  *Id.*  A "scandalous" matter is one which casts a cruelly derogatory light on a party or other person.  *Id.*  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

          Although a motion to strike under Rule 12(f) is typically limited to pleadings, a district court has the inherent power to strike a party's submissions other than pleadings.  *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988).  The alternative basis for striking

improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation . . . ." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted). For example, district courts follow a long standing practice of striking attachments to motions, such as affidavits, that do not comply with the Federal Rules of Civil Procedure or Evidence. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (recognizing practice of striking affidavits).

The Court finds that USF's motion is deficient and procedurally improper. First, USF's arguments concerning attorney-client privilege and work product fail to meet their burden under Rule 12(f) because the disputed documents do not amount to scandalous or impertinent matter. Certain communications made during Shannon's correspondence with USF and Smith's during the Bell case are relevant to the declaratory relief determination. The references and exhibits USF challenges undermine its assertion that it is not obligated to provide legal representation for Smith's in the Bell case. Furthermore, although USF claims that the exhibits are barred by attorney-client privilege and work product, this is not the proper stage in the litigation nor is a motion to strike a proper vehicle to exclude such evidence. Indeed, Smith's is not introducing any documents as evidence simply by attaching them to its counterclaim. USF retains the right to object to any attempt Smith's may make to introduce said exhibits as evidence at trial or as support for a summary judgment motion. *See Chan v. Pan W. Corp.*, Case No. 2:10-cv-1317-KJD-PAL, 2011 WL 830237 *1 (D. Nev. Mar. 4, 2011) (citing *Advanced Commercial Contracting, Inc. v. Certain Underwriters at Lloyds of London*, 1998 WL 373407 *2 (E.D. La., July 2, 1998)). Accordingly, the Court denies USF's motion to strike.

**II.     Notice of Intent to Dismiss J&I Maintenance**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

against that defendant or order that service be made within a specified time." Plaintiffs have failed to provide the Court with proof of service for Defendant J&I Maintenance despite the Court's notice of intent dismiss. (Dkt. #14, Jan. 26, 2011.) The Court therefore dismisses J&I Maintenance from this action.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that USF's Motion to Strike (#7) is DENIED.

IT IS FURTHER ORDERED that Defendant J&I Maintenance is dismissed from this case.

Dated: April 4, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)