# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| USF INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-01513-RLH -LRL |
| v. | ) |
| | ) **O R D E R** |
| SMITH'S FOOD AND DRUG CENTERS, INC., *et al.*, | ) |
| Defendants. | ) |

Before the court is plaintiff USF Insurance Company's Motion For Magistrate Judge To Reconsider Order (#42). Defendants Smith's Food and Drug, Inc., *et al* filed an Opposition (#43), and plaintiff filed a Reply (#44).

At any time prior to the entry of final judgment, the court has "inherent authority to reconsider, set aside, or amend interlocutory orders..." *Barnard v. Las Vegas Metropolitan Police Department,* 2010 WL 1815410 at p. 1 (D.Nev. 2010)(citing *meas v. City and County of San Francisco*, 681 F.Supp.2d 1128, (N.D.Cal. 2010). The court may "depart from its prior decision if (1) it was clearly erroneous, (2) an intervening change of law has occurred, (3) evidence is substantially different on remand, (4) other changed circumstances exist, or (5) manifest injustice would otherwise result." *Barnard,* at p.2, citing *United States v. Cuddy,* 147 F.3d 111, 1114 (9th Cir. 1998).

In the present motion (#42), plaintiff USF asserts that the court should reconsider the order (#41) denying USF's motion to extend expert disclosures deadlines because the evidence is substantially different, other changes exist, and a manifest injustice would otherwise result. *Id.* Specifically, USF argues that reconsideration is warranted because of Smith's "belated admission" that it possessed original agreements and "most recent disclosure of the purported executed signature page." (#42). USF

asserts that as the date of the signatures is crucial to the case, it would be manifestly unjust to not permit the designation of an ink date testing expert. *Id.*

Following the filing of this motion, on October 19, 2011, the undersigned Magistrate Judge entered an Order (#50) granting, in part, USF Insurance Company's Emergency Motion Compelling Smith's Food and Drug Center, Inc To Produce the Original 2006 Agreement for Inspection (#45). The Order set forth a procedure for destructive testing of the ink used in the signatures on one of the originals. (#50). In it's motion, USF stated that it had "retained and specially employed Dr. Aginsky as a non-testifying consultant in preparation for trial and in anticipation that the Court will find good cause to permit USF to designate Dr. Aginsky as a testifying expert." (#45).

Therefore, after Dr. Aginsky tests the ink and provides his report, the court will entertain a motion to reconsider permitting the late designation of expert witnesses to opine on the date signatures were affixed to the 2006 Agreement.

Accordingly, and for good cause shown,

IT IS ORDERED that USF Insurance Company's Motion to Reconsider Denial of Motion to Extend Expert Disclosure Deadlines Based on Substantially Different Evidence, Changed Circumstances and Manifest Injustice (#42) is DENIED without prejudice.

DATED this 21st day of October, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

2