**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

USF INSURANCE COMPANY,

Plaintiff,

v.

SMITH'S FOOD AND DRUG CENTERS, INC., *et al.*,

Defendants.

2:10-cv-01513-RLH -LRL

**O R D E R**

Before the court is defendant Smith's Food and Drug Centers, Inc's Motion To Compel Deposition Testimony of Sally Rock and Alan Kaufman. (#58). Plaintiff USF Insurance Company (hereinafter "USF") filed an Opposition (#59), and defendant filed a Reply (#60). The court held a hearing on March 30, 2012, at 10:00 a.m.

**Motion To Compel (#58)**

**A. Relevant Facts**

On June 13, 2011, at 11:00 a.m. defendant conducted the deposition of Sally Rock. (#58 Exhibit L). At 5:10 p.m. defense counsel Mr. Prince indicated that he had "a family obligation at 5:45," and would need to leave in a few minutes, or the parties could "just reschedule." *Id.* Plaintiff's counsel stated to "keep on going," and asserted that counsel would need to seek leave of the court because counsel only noticed Ms. Rock's deposition for that day. *Id.* Defense counsel stated that he would be willing to go to Michigan to finish the deposition, and that they could coordinate the deposition with Mr. Kaufman's deposition. *Id.* The deposition concluded at 5:13 p.m. *Id.*

On June 15, 2011, defense counsel sent a letter to plaintiff's counsel stating that the deposition of Ms. Rock was not finished, and that since defense counsel needed to conduct the depositions of Alan

Kaufman and Steve Gabel, the parties could arrange to take the rest of Ms. Rock's deposition in Michigan. (#58 Exhibit A). Defense counsel asked for the availability of the individuals. *Id.* On June 20, 2011, defense counsel sent another letter regarding the need to finish Ms. Rock's deposition and to schedule Mr. Kaufman and Mr. Gabel. (#58 Exhibit B). On July 14, 2011, defense counsel received an email from plaintiff's counsel stating that Mr. Kaufman was not available for his deposition in Michigan until Friday, September 2, 2011, or Tuesday, September 6, 2011. (#58 Exhibit C). On September 22, 2011, defense counsel sent another letter to plaintiff's counsel regarding continuing Ms. Rock's deposition, scheduling Mr. Kaufman's deposition, and setting the depositions of other individuals not relevant to this motion. (#58 Exhibit D).

On September 26, 2011, plaintiff's counsel sent correspondence stating that she would "advise of the availability of the individuals at USF Insurance Company and its former employees for deposition as soon as possible." (#58 Exhibit E). On December 5, 2011, the court signed the parties' stipulation and order to extend discovery. (#57). In the stipulation and order, the parties listed Mr. Kaufman's deposition and the continuation of Ms. Rock's deposition under the section for "Discovery To Be Completed." *Id.* On December 7, 2011, defense counsel sent a letter to plaintiff's counsel regarding scheduling the depositions of Ms. Rock, Mr. Kaufman, and others. (#58 Exhibit F). In response to this letter, plaintiff's counsel sent defense counsel an email stating that she "forwarded [counsel's] letter to USFIC for dates to conduct depositions in Michigan, and will advise ASAP." (#35 Exhibit G). On December 13, 2011, defense counsel sent another letter regarding the status of scheduling the depositions. (#58 Exhibit H).

On December 22, 2011, defense counsel received an email from plaintiff's counsel stating that "at the conclusion of Ms. Rock's deposition we admonished [defendants] that USF Insurance Company deemed Ms. Rock's deposition had concluded on June 13, 2011." (#58 Exhibit I). Plaintiff's counsel declined the request to further depose Ms. Rock, and asserted that there was no legitimate need to conclude her deposition on June 13, 2011. *Id.* With regard to the deposition of Mr. Kaufman, plaintiff's

counsel stated that plaintiff deems the request to depose him "inappropriate, and solely to harass and increase litigation expense." *Id.* Plaintiff's counsel asserted that Mr. Kaufman was not the claims professional or the claims manager for the underlying action, and therefore, he has "no personal knowledge of the underlying action" and will not be produced to be deposed. *Id.*

On January 3, 2012, defense counsel contacted plaintiff's counsel, and stated that the December 22, 2011, letter was the first time counsel was notified that the depositions would not take place, and that counsel did not complete Ms. Rock's deposition on June 13, 2011. (#58 Exhibit J). Defense counsel also stated that it was defendant's belief that it was entitled to Mr Kaufman's deposition, because (1) he is the owner of USF, (2) his name is on the claim notes, and (3) he was consulted and involved in the claim decision, including, but not limited to, the payment of policy limits. *Id.* Defense counsel asked plaintiff's counsel to reconsider plaintiff's position, and to advise by January 4, 2012. *Id.* On January 4, 2012, plaintiff's counsel sent an email stating that USF affirms its position regarding the depositions. (#58 Exhibit K).

On January 5, 2012, defendant served plaintiff with a notice of taking the deposition of Sally E. Rock on January 25, 2012 (#59 Exhibit B), and the deposition of Mr. Kaufman on January 30, 2012. On January 20, 2012, defendant filed the instant motion to compel the depositions. (#58). On January 23, 2012, plaintiff's sent a letter objecting to the notice of deposition for Ms. Rock. (#59). On January 26, 2012, Mr. Kaufman's counsel sent a letter to defense counsel objecting to the notice, and asserting that if the defendant sought to depose Mr. Kaufman in his individual capacity as a third-party witness, the defendant must properly serve a subpoena to secure the deposition. (#59 Exhibit D). On February 2, 2012, defense counsel sent a letter to Mr. Kaufman's counsel, stating that the defendant is not seeking to depose Mr. Kaufman in his individual capacity, but as an "officer, director, and shareholder of USF." (#59 Exhibit E).

**B. Relevant Law**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense...," and, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Federal Rule of Civil Procedure 26(b)(1). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.

"A party may, by oral questions, depose any person, including a party, without leave of the court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Pursuant to Fed. R. Civ. P. 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The court may "alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).

**C. Continuing The Deposition of Sally Rock**

Defendant asks this court to permit the continuation of Ms. Rock's deposition. (#58). Throughout the correspondence outlined above, plaintiff's counsel lead defense counsel to believe that Ms. Rock would be produced to continue her deposition, and that plaintiff's counsel was checking availability. *Id.* Defense counsel asserts that Ms. Rock's testimony is highly important, because she is the claims representative in USF's claims department that dealt with the claim at issue. *Id.* As Ms. Rock was only deposed for 5 hours, defendant asserts that additional time is needed to fairly examine Ms. Rock. *Id.* Defendant argues that at the very least, counsel should be permitted to depose Ms. Rock for another 2-3 hours. *Id.* Plaintiff opposes the continuation of Ms. Rock's deposition, and argues that the deposition was completed, and that defense counsel had no legitimate reason for concluding the deposition when he did. (#59). During the hearing, the court did not ask the parties to address the issue of continuing Ms. Rock's deposition.

The court finds that additional time is needed for defendant to fairly examine Ms. Rock, as Ms. Rock was only deposed for 5 hours, both parties acknowledge that she was the claims handler on the particular claim at issue, and her testimony is highly relevant to the action. *See* Fed. R. Civ. P. 26(b)(1) and 30(d)(1). In the December 5, 2011, stipulation, the parties agreed that continuing the deposition of Ms. Rock was among the discovery to be completed. (#57). Defendant may continue the deposition of Ms. Rock in Las Vegas, NV, for up to three (3) additional hours. The deposition must be completed within thirty (30) days from the entry of this order.

**D. Deposition of Alan Kaufman**

Defendant asks this court to compel plaintiff to produce Mr. Kaufman for his deposition. (#58). Defendant asserts that Mr. Kaufman has direct knowledge of the facts surrounding the subject matter of the litigation, and that his testimony is clearly relevant to this litigation. *Id*. During the hearing, defense counsel stated that Mr. Kaufman, as the owner of USF, a "closely held corporation," has particularized knowledge of the events surrounding the claim at issue. Defense counsel argued that Mr. Kaufman has the ultimate authority to approve settlement amounts, and, as demonstrated by the evidence, that Ms. Rock's supervisor, Mr. Gabel, personally discussed the claim at issue with Mr. Kaufman and that the approval to settle was "pending further review by Alan Kaufman." *See* (#58 Exhibit M).

Plaintiff opposes the motion, and asserts that the deposition of Mr. Kaufman is inappropriate, because (1) Mr. Kaufman was not involved in the claim handling giving rise to USF's declaratory relief action or the claims of the underlying action, (2) the information sought from Mr. Kaufman, as set forth in the defendant's motion, is so remote that the discovery must be denied, (3) Ms. Rock testified during her deposition that Mr. Kaufman was not involved in the decision of how to handle the claim, (4) Mr. Kaufman's testimony would be "entirely duplicative" of Ms. Rock's testimony because she was the person who performed the claim handling, (5) Mr. Kaufman's involvement was limited to being one of the numerous individuals in a claims committee which approved requests for settlement authority

above a certain monetary amount, and he is not the sole member, (6) there is no entry in the claims materials that Mr. Kaufman or the claims committee were involved in the decision making process leading to Ms. Rock's request for increased settlement authority, and (7) the only purpose of the deposition would be for harassment. (#59). During the hearing, plaintiff's counsel argued that Mr. Kaufman's testimony is irrelevant, because the claims committee, of which he was only one of many members, agreed to every request to increase the settlement amount. In that respect, counsel argued that the deposition of any member of the claims committee would be inappropriate. Plaintiff's counsel also argued that USF is not a closely held corporation, and that Mr. Kaufman is a shareholder who is on the claims committee.

The court finds that Mr. Kaufman's testimony regarding the claim at issue is relevant. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund*, 437 U.S. at 351. Mr. Kaufman is the owner of and a shareholder in plaintiff USF, is a member of the claims committee that approved the settlement amount of the claim at issue, and was personally consulted with regarding the claim. *Id.* (#58 Exhibit M). In the December 5, 2011, stipulation (#57), both parties agreed to conducting the deposition of Mr. Kaufman, and from June 15, 2011, through December 21, 2011, plaintiff's counsel did not object to the deposition and represented that she was retrieving available dates from Mr. Kaufman (#58). Defendant may conduct the deposition of Mr. Kaufman in Las Vegas, NV, within thirty (30) days from the entry of this order.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Smith's Food and Drug Centers, Inc's Motion To Compel Deposition Testimony of Sally Rock and Alan Kaufman (#58) is GRANTED.

...

...

...

...

IT IS THEREFORE ORDERED that Ms. Rock shall appear in Las Vegas, NV, to be deposed in this action for up to three (3) additional hours. Mr. Kaufman shall appear in Las Vegas, NV, to be deposed in this action. Both depositions must be conducted within thirty (30) days from the entry of this order.

DATED this 2nd day of April, 2012.

______________________________
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**