UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| USF INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD AND DRUG CENTER, INC.; d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation, and J&I MAINTENANCE, a Utah corporation,<br><br>Defendants.<br><br>SMITH'S FOOD AND DRUG CENTER, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation,<br><br>Counterclaimant,<br><br>v.<br><br>USF INSURANCE COMPANY, a Michigan corporation; and ROE CORPORATIONS I-X, inclusive,<br><br>Counterdefendants. | Case No. 2:10-cv-01513-MMD-VCF<br><br>ORDER |

Before the Court is Defendant's Motion to Modify Scheduling Order to Extend the Deadline for Filing of Dispositive Motions (dkt. no. 78). Plaintiff has opposed Defendant's Motion. In its reply brief, Defendant clarified that it is seeking to only amend the Scheduling Order to extend the deadline for filing dispositive motions to

1  August 13, 2012, which is sixty days after the deadline to complete the deposition of
2  Alan Kaufman. The Court has reviewed the parties' briefs and other motions and papers
3  on file and good cause appearing, will grant Defendant's request in part.

4  The second Amended Scheduling Order (dkt. no. 57) set the deadline to file
5  dispositive motions at thirty days after the discovery deadline, which was February 16,
6  2012. That Order also provided for any request to extend any deadline established in
7  the Order by January 27, 2012. On January 20, 2012, which falls within the deadline for
8  requesting extensions, Defendant moved to compel the continuing deposition of Sally
9  Rock and the deposition of Alan Kaufman. (Dkt. no. 58.) The Court granted
10 Defendant's motion and established a new deadline for the continuing deposition of Ms.
11 Rock and the deposition of Mr. Kaufman. (Dkt. no. 67.) The parties then stipulated to
12 extend the deadline for taking Mr. Kaufman's deposition by about another month to
13 June 14, 2012. (Dkt. no. 76.)

14 The Court is vested with "broad discretion in supervising the pretrial phase of
15 litigation." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.
16 2002). The Scheduling Order may be "modified only for good cause and with the judge's
17 consent." Fed. R. Civ. P. 16(b)(4). The Court finds that good cause exists here.

18 The dispositive motion deadline established in the second Amended Scheduling
19 Order is triggered by the discovery deadline. In granting Defendant's motion to take
20 depositions, the Court found that during the course of about six months, from June 15,
21 2011 to December 22, 2011, Plaintiff's counsel led Defendant's counsel to believe that
22 Ms. Rock's continuing deposition would be scheduled. (Dkt. no. 67.) Plaintiff's counsel
23 also did not raise any objection to Mr. Kaufman's deposition during that period of time.
24 Discovery is completed other than Mr. Kaufman's deposition, which Defendant believes
25 will provide evidence relevant to Defendant's anticipated motion for summary judgment.
26 Under these circumstances, the Court finds that the dispositive motion deadline should
27 be extended to thirty days after the deadline for taking Mr. Kaufman's deposition.

28

The new dispositive motion deadline is July 16, 2012.  The deadline for filing the joint pretrial order is thirty days after the Court's last decision on any dispositive motion.

ENTERED THIS 24th day of May 2012.

_____
UNITED STATES DISTRICT JUDGE