UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| USF INSURANCE COMPANY, a Michigan corporation,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>SMITH'S FOOD AND DRUG CENTER, INC., d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation, and J&I MAINTENANCE, a Utah corporation,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:10-cv-01513-MMD-VCF<br><br>ORDER |
| SMITH'S FOOD AND DRUG CENTER, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, #377, an Ohio corporation,<br><br>　　　　　　　　　　　Counterclaimant,<br>　　v.<br>USF INSURANCE COMPANY, a Michigan corporation, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　　　　　Counterdefendants. | |

**I.    SUMMARY**

Before the Court is Plaintiff USF Insurance Company's Motion for Reconsideration, seeking reconsideration of the Court's decision to deny USF's request for summary judgment on its declaratory relief claim. (Dkt no. 99.) The Court has reviewed the pertinent briefs and denies Plaintiff's Motion.

## II. BACKGROUND

The Court briefly recaps only the pertinent facts since the facts are recounted more thoroughly in the Order Plaintiff asks the Court to reconsider. In that Order, the Court addressed competing motions for summary judgment on USF's declaratory judgment claim as well as Smith's' declaratory relief counterclaim. The Court found that Smith's has demonstrated as a matter of law that USF had a duty to defend and indemnify Smith's based on Smith's contractual relationship with USF's insured, J&I Maintenance. The Maintenance Agreement between Smith's and J&I obligated J&I to defend, indemnify, and hold Smith's harmless from all claims, losses, expenses, and liability resulting from J&I's cleaning and maintenance at various Smith's stores. The Agreement also required J&I to maintain comprehensive liability insurance under which Smith's was to be designated as an additional named insured. J&I had such a policy with USF ("the Policy"). Under the Policy, USF agreed to defend and indemnify J&I against all claims of bodily injury that J&I becomes legally obligated to pay.

In deciding summary judgment in favor of Smith's, the Court found that USF had a duty to defend and indemnify defendant Smith's in the Bell litigation. USF seeks reconsideration of this finding.

## III. STANDARD OF REVIEW

USF seeks reconsideration under Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides authority for the Court to revise any order that does not adjudicate all claims before entry of final judgment. Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## IV.   DISCUSSION

USF argues that the Court committed clear error when it found that Smith's was designated as an "additional insured" under the Policy, and that the Maintenance Agreement qualified as an "insured contract" upon which the duty to indemnify and defend arose. The Court agrees with USF that the undisputed evidence does not establish that Smith's was expressly designated as an "additional insured" under the Additional Insured Endorsement to the Policy, however, this finding does not change the Court's analysis or decision. USF's other arguments seek to merely rehash and expand arguments raised in its previous motion and are unavailing.

In the Order, the Court noted that J&I agreed to designate Smith's as an "additional insured" under the Policy. Further, in footnote 2 of the Order, the Court distinguished the decision of *Insurance Co. of North America v. Hilton Hotels USA, Inc.*, 908 F. Supp. 809, 814 n.2 (D. Nev. 1995), by noting that the Policy designates Smith's an additional insured.[1] USF contends that this finding was clearly erroneous because

---

[1] USF relies extensively on *Hilton* to argue that the Court erred in determining that it owed Smith's a duty to defend and indemnify as an insured because of Smith's *(fn. cont…)*

3

1  there is no evidence submitted to demonstrate that Smith's was designated as an
2  "additional insured" under the Additional Insured Endorsement to the Policy. Smith's, in
3  its opposition brief, does not contend otherwise. However, the Court did not base its
4  decision on a finding that Smith's was expressly added as an "additional insured" under
5  the Additional Insured Endorsement. To the extent the Court's Order is construed to be
6  based on a finding that Smith's was expressly designated as "an additional insured"
7  under the Policy, the Court clarifies that the Order is not based on this finding. This
8  clarification does not affect the Court's ultimate finding, of which USF seeks
9  reconsideration. The Court concluded that Smith's was deemed an insured under the
10 Policy because J&I agreed to indemnify Smith's and to add Smith's as an additional
11 insured under the Policy. Based on the indemnification clause in the Maintenance
12 Agreement, the terms of the Policy required USF to indemnify Smith's. Specifically, the
13 Policy provided that USF "will pay those sums that the insured [J&I] becomes legally
14 obligated to pay as damages because of 'bodily injury' or 'property damages' to which
15 this insurance applies" and that USF "will have the right and duty to defend the insured
16 against any 'suit' seeking those damages." (Dkt. no. 84-C at 40.)

   USF argues that the Court also erroneously concluded that Smith's was deemed
an insured under the Policy because the Maintenance Agreement was an "insured
contract." However, the Policy also applied to liability assumed in an "insured contract"
entered into by J&I to assume a third party's liability for bodily injury. (Dkt. no. 84-C at
41.)   The Policy defined an "insured contract" as including "[t]hat part of any other

---

*(fn. cont.)*
contractual relationship with J&I. However, *Hilton* involved a different provision under the definition of the term "insured." The issue in that case involved the question of whether Hilton was covered under the definition of "insured" as the insured party's "real estate manager." Hilton, 908 F.Supp. at 812. The Court rejected Hilton's argument that its relationship with the insured rendered it a "real estate manager," finding that the obligations Hilton performed, including those it agreed to perform under the agreement with the insured, were part and parcel of its obligations as a lessor and a hotelier to provide convention space. *Id.* at 816-17. Thus, unlike Smith's contractual relationship with J&I, Hilton's relationship with the insured in that case did not involve indemnification obligations and did not fall within the insurance policy.

4

1  contract or agreement pertaining to your business . . . under which you assume the tort
2  liability of another party to pay for 'bodily injury' or 'property damage' to a third person or
3  organization." (Dkt. no. 84-C at 52.) Based on the plain language of the Policy, the
4  Maintenance Agreement qualified as an "insured contract" because it required J&I to
5  assume Smith's' tort liability. Because the Policy covered liability assumed by J&I
6  through the Maintenance Agreement, Smith's has standing to pursue claims premised
7  on USF's duty to defend and indemnify.

8  USF argues that the Court focused on what the Agreement requires of the parties
9  instead of on what the Policy requires of the insured in the "insured contract" situation.
10 USF argues that, in the "insured contract" situation, the Policy requires that J&I consent
11 to allow its policy to provide Smith's with a defense and J&I did not give such consent.
12 USF claimed it only initially defended Smith's in the Bell litigation because of an
13 erroneous belief that J&I agreed to the defense.  However, as the Court noted in the
14 Order, whether or not J&I consent to the defense is immaterial.  Once USF assumed the
15 defense, which it undisputedly did without a reservation of rights, it established a
16 contractual relationship that obligated it to act in good faith and deal fairly with Smith's.
17 *See United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004) (noting
18 that once the duty to defend arises, the insurer's duty continues throughout the entire
19 litigation). USF acted as an insurer of Smith's by asserting the right to defend Smith's
20 during settlement negotiations, making an offer on Smith's behalf during those
21 negotiations, referring to Smith's as an insured in numerous communications, and
22 refusing Smith's' demand for separate counsel when conflicts arose.

23 **V.    CONCLUSION**

24 The Court notes that the parties made several arguments and cited to several
25 cases not discussed above. The Court has reviewed these arguments and cases and
26 determines that they do not warrant discussion or reconsideration as they do not affect
27 the outcome of the Motion.
28 ///

IT IS HEREBY ORDERED that Plaintiff USF Insurance Company's Motion for Reconsideration (dkt. no. 99) is DENIED.

DATED THIS 16th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE